**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  10-21417-Civ-COOKE/BANDSTRA**

YASSER HECHAVARRIA,

        Plaintiff

vs.

ARMANDO ROJAS, *et al*.,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before me upon Defendants' Motion For Summary Judgment.  (ECF No. 28).  I have reviewed the record, the arguments and the relevant legal authorities.  For the reasons explained below, Defendants' Motion for Summary Judgment is denied.

### *I. BACKGROUND*

Plaintiff Yasser Hechavarria raises the following relevant allegations in his Complaint. On March 24, 2007, Officer Armando Rojas ("Rojas") and Officer Raul Perez ("Perez") of the City of Miami Police Department (collectively "Defendants"), approached Plaintiff while Plaintiff was sitting in a forklift waiting to enter a construction site in Miami, Florida.  Plaintiff's forklift was positioned in the middle of the road and restricted Defendants from driving past the construction site.  Perez gestured, by honking the horn of the vehicle, for Plaintiff to move the forklift out of the way.  Plaintiff in turn gestured that they had to wait.  Perez continued to honk the vehicle's horn and Plaintiff again indicated with his hands that he was unable to move the forklift because it was blocked by another forklift.  Rojas then exited the vehicle, approached the forklift and pulled Plaintiff down to the ground.  Plaintiff was handcuffed, tasered multiple times and arrested for battery on a law enforcement officer, resisting an officer with violence, and

depriving an officer of his weapon.[1]

In his deposition, Plaintiff states that Rojas grabbed Plaintiff's arm while he was still seated in the forklift. Plaintiff alleges that he landed on his feet, facing Rojas who then proceeded to subdue Plaintiff. Plaintiff further states that he grabbed Rojas' hands to prevent Rojas from throwing him to the ground. Without being told he was under arrest, Plaintiff claims that Perez grabbed him by the back and tasered him, under the direction of Rojas. Plaintiff emphasizes that he fell facedown to the ground after the initial taser, yet Perez continued to taser him until he voluntarily placed his hands behind his back without Rojas or Perez instructing him to do so.

Defendants argue that they are entitled to qualified immunity because the undisputed evidence establishes that Rojas and Perez were justified in arresting Plaintiff and using non-deadly force because Plaintiff violated Miami-Dade County Code § 30-255, failed to obey the officer's lawful commands, resisted arrest without violence and committed a battery on Rojas. Defendants also argue that Plaintiff's state law claims are barred by Fla. Stat. § 776.085.

## II. LEGAL STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party bears the initial burden to show the district court, be reference to materials on file, that there are no genuine issues of material fact that

---

[1] The charge of resisting an officer with violence was reduced to the misdemeanor resisting an officer without violence and was ultimately dismissed for lack of prosecution. The charges of battery and failure to obey an officer's lawful commands were "no actioned" by the State attorney.

should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has met its burden the burden then shifts "to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.*

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1996) (quoting Fed. R. Civ. P. 56(e)).  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but … must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citations omitted).  In determining whether summary judgment is proper, a court must draw inferences from the evidence in the light most favorable to the nonmoving party and resolve all reasonable doubts in that party's favor.  *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005).

### III.  DISCUSSION

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a person reasonably would have known.'" *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).  To establish qualified immunity "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).   Once a defendant establishes that qualified immunity applies, the burden shifts to the plaintiff to show that qualified immunity is not appropriate.  Qualified immunity is not only a defense from liability, but also an entitlement not

to stand trial.  *See Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).  There is no issue of material fact that Rojas and Perez were acting within their discretionary authority.  Plaintiff, however, argues that qualified immunity is inapplicable because the officers used excessive force and arrested him without probable cause.

### A.  Violation of 42 U.S.C. § 1983 – False Arrest (Count II)

"[A]n arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment."  *Durruthy v. Pastor*, 351 F.3d 1080, 1088 (11th Cir. 2003) (citations omitted). An officer must have "arguable probably cause" to be entitled to qualified immunity.  *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004).[2]  "Arguable probable cause exists when 'an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed.'" *Durruthy*, 351 F.3d at 1089 (quoting *Montoute v. Carr*, 144 F.3d 181, 184 (11th Cir. 1997)).  "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit and offense."  *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (internal citation omitted).  "Indeed, it is inevitable that law enforcement officials in some cases reasonably but mistakenly conclude that probable cause is present, and in such cases those officials should not be held personally liable."  *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990).  "Thus, the qualified immunity standard is broad enough to cover some mistaken judgment."  *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997) (internal quotations omitted).  It is an objective standard that does not consider the

---

[2] Arguable probable cause governs the qualified immunity inquiry, rather than the higher standard of actual probable cause.  *See Gold v. City of Miami*, 121 F.3d 1442, 1445 (11th Cir. 1997).

officer's subjective intent or beliefs.  *Rushing v. Parker*, 599 F.3d 1263, 1266 (11th Cir. 2010).

Defendants argue that they are entitled to qualified immunity "because there was probable cause to arrest Plaintiff for obstructing a roadway when he refused to move his forklift out of the road and blocked traffic" in violation of a Miami-Dade County Ordinance. (*Def. Mot. Summ. J.*, ECF No. 28).   Section 30-255 of the Miami-Dade County Code of Ordinances provides as follows:

> It is unlawful for any person or persons to willfully obstruct the free, convenient and normal use of any public street, highway or road, by impeding, hindering, stifling, retarding or restraining traffic or passage thereon, or by endangering the safe movement of vehicles or pedestrians traveling thereon, and any person or persons violating the provisions of this chapter…[3]

Plaintiff argues that Rojas and Perez lacked arguable probable cause to arrest him because he did not "willingly" refuse to move the forklift.  Specifically, Plaintiff alleges that he signaled to Rojas and Perez, trying to alert them that he was unable to move due to circumstances beyond his control.  Defendants, however, claim that Plaintiff's arrest was lawful because he intentionally refused to obey Rojas' lawful command to move the forklift out of the roadway.[4]  In viewing the facts in the light most favorable to Plaintiff, Defendants, in effect, ask this Court to condone the arrest of a person who is in a traffic jam and did not move his/her vehicle when ordered to do so by a police officer.  Defendants lack the arguable probable cause necessary to succeed on a qualified immunity defense.   I cannot conclude that under the circumstances shown, and the circumstances within Rojas' and Perez's knowledge, that a

---

[3] Notwithstanding Defendants' reliance on Miami-Dade County Ordinance § 30-255, the Court notes that Fla. Stat. § 316.2045(1) (2007) is the law governing Plaintiff's alleged misconduct.

[4] "The two elements of resisting arrest without violence are: (1) the officer must be engaged in the lawful execution of a legal duty; and (2) the defendant's action, be it by words, conduct or a combination thereof, must constitute obstruction or resistance of that lawful duty."  *Zivojinovich v. Barner*, 525 F.3d 1059, 1071 (11th Cir. 2008).

reasonable police officer could have believed that there was probable cause to arrest Plaintiff.

### B.  Violation of 42 U.S.C. § 1983 - Excessive Force (Count IV)

A claim that a police officer used excessive force in the course of an arrest is analyzed under the reasonableness standard of the Forth Amendment.  *Graham v. Connor*, 490 U.S. 386 (1989).  A court must balance the "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the government interest alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983).  The officer's actions must be "objectively reasonable" in light of the totality of the circumstances, without regard to the officer's underlying intent.  *Draper v. Reynolds*, 369 F.3d 1270, 1277 (11th Cir. 2004).   To determine whether the officer's actions were "objectively reasonable," a court must examine the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted on the plaintiff.  *Id.* at 1277-78.  A court must also consider the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others and whether the suspect was actively resisting arrest or attempting to evade arrest by flight.  *Ortega v. Schram*, 922 F.2d 684, 695 (11th Cir. 1991).

Plaintiff's allegations, if taken as true, clearly establish a constitutional violation. Plaintiff alleges that he was forcibly pulled down from his forklift, subdued, tasered at least 8 times and handcuffed without ever being told that he was being placed under arrest.  Plaintiff states that the initial taser had already knocked him facedown to the ground and yet Perez repeatedly continued to taser him after it was clear that he was not a physical threat or danger to either officer.  There is nothing in the record that even remotely suggests Rojas or Perez were concerned that Plaintiff may have been trying to escape.  To the extent Defendants argue Plaintiff resisted arrest with violence, there are issues of material fact as to whether Plaintiff was

reasonably trying to prevent himself from being forcibly thrown to the ground without cause. vAt the time of Plaintiff's arrest, it was well recognized that unnecessary force upon arrest would violate Plaintiff's constitutionally protected right.  Again, Defendants are not entitled to qualified immunity.  The genuine issues of fact concerning what resistance Plaintiff may have given the officers, the nature and extent of force that was applied, and the need for its use make summary judgment inappropriate.

### C.  State Law Claims For False Arrest and Battery

Plaintiffs state law claims for false arrest and battery are predicated on the same facts, events and circumstances as Plaintiff's federal false arrest and excessive force claims.    The genuine issues of material fact that preclude summary disposition of Plaintiff's federal claims also prelude summary disposition of Plaintiff's state law claims.

### III.  CONCLUSION

For the reasons explained in this order, Defendants' Motion for Summary Judgment (ECF No. 28) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of March 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*